# No-21-2272

# In the United States Court of Appeals
# For the Eighth Circuit

_____

Criminal Appeal from the District of Minnesota

_____

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE MARTIN MORALES,

Appellant.

_____

# BRIEF OF APPELLANT

in accordance with *Anders v. California*, 386 U.S. 738 (1967)
_____

| | |
|---|---|
| Robert A. Lengeling | Andrew Winter, AUSA |
| MN ID # 304165 | Bradley Endicott, AUSA |
| BEITO & LENGELING, P.A. | United States Attorney's Office |
| Flour Exchange Building | 600 United States Courthouse |
| 310 Fourth Avenue South, Ste. 1050 | 300 South Sixth Street |
| Minneapolis, Minnesota 55415 | Minneapolis, Minnesota 55415 |
| (612) 767-1618 / (612) 333-8003 fax | (612) 664-5600 |
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |

# SUMMARY OF THE CASE

The following brief is submitted in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Appellant, Jose Morales, objects to application of a notice of enhanced sentence pursuant to 21 U.S.C. §851. Counsel has carefully examined the facts and arguments contained in the record on appeal and further researched the applicable law in support of the issue and concluded the appeal does not present a nonfrivolous legal question. Counsel reached this conclusion after thoroughly reviewing the record for any arguable violations of the Constitution, statutes, Federal Rules of Criminal Procedure, and the United States Sentencing Guidelines.

Counsel for the Appellant moves separately to withdraw as counsel based on the guidance of *Anders v. California*. There is NOT a request for oral argument.

i

# TABLE OF CONTENTS

SUMMARY OF THE CASE _____ i

TABLE OF AUTHORITIES _____ iii

JURISDICTIONAL STATEMENT _____ iv

STATEMENT OF THE ISSUES _____ v

STATEMENT OF THE CASE _____ 1

SUMMARY OF ARGUMENT _____ 3

ARGUMENT _____ 4

CONCLUSION _____ 9

CERTIFICATE OF COMPLIANCE _____ 9

# TABLE OF AUTHORITIES

Cases

Anders v. California, 386 U.S.73B (1967) ……………………………..i, 3

U.S. v. Gammell, 932 F. 3d 1175 (8th Cir. 2019) ………………………… 8

U.S. v. Harris, 950 f. 3d 1015 (8th Cir. 2020) ……………………………... 4

U.S. v. Woods, 717 F. 3d 654 (8th Cir. 2013) ……………………………... 4

U.S. v. Young, 960 F.Supp.2d 881 (N.D. Iowa 2013) ……………………...5

Statutes

18 U.S.C . § 3559 (c) (2) (F) (i) ……………………………………………7

21 U.S.C. §841 (a) (1) …………………………………………………...1,4,6

21 U.S.C. §841 (b) (1) (A) ……………………………………………… 1,4,6

21 U.S.C. §851 ………………………………………………….. i, iv, 1,4,6

State law

Minn. Stat. § 609.05, Subd. 1 ………………………………………………7

Minn. CRIMJIG 13.04 ……………………………………………………...7

# JURISDICTIONAL STATEMENT

This is an appeal from the District of Minnesota. The District Court had jurisdiction over the case pursuant to 18 U.S.C. § 3231 (2019), which states: "The district courts of the United State shall have original jurisdiction… of all offenses against the Laws of the United States."

The Eight Circuit Court of Appeals has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291 (2020). This is an appeal from a final decision of a District Court of the United States.

Morales was sentenced on May 26, 2021. He filed a Notice of Appeal on June 7, 2021.

# STATEMENT OF THE ISSUES

**I.　There is no nonfrivolous issue regarding the enhanced sentencing procedure in the instant case. Morales argues the District Court should have declined to accept the §851 notice and sentenced him to the 120 month minimum.**

Most apposite case: *U.S. v. Young*, 960 F. Supp. 2d 881 (N.D. Iowa 2013)

## STATEMENT OF THE CASE

Jose Martin Morales was charged by Indictment on November 6, 2019 with conspiracy to distribute 50 grams or more of methamphetamine in Count I in violation of 21 U.S.C. §841 (a)(1), §841 (b)(1)(A) and possession with intent to distribute methamphetamine in Counts II and III in violation of 21 U.S.C. §841 (a)(1), §841 (b)(1)(A).

The Government filed an information to establish a prior conviction for an enhanced sentence pursuant to 21 U.S.C. §851 on November 27, 2019. DOC #16. On September 17, 2020 Morales entered a guilty plea to Count II and informed the Court he intended to argue at sentencing regarding the application of the §851 notice to his case. The plea agreement included Morales' objection to the §851 notice. DOC #47. Count II carried a mandatory minimum sentence of 120 months. The enhanced sentence made it a mandatory 180 months.

Morales has a prior conviction from 2007 in Minnesota for Assault-First Degree, which was identified in the §851 notice. DOC #16. He was sentenced to 129 months in prison for the offense. PSR, p. 5. In Minnesota, an assault in the first degree requires evidence of great bodily harm. Accordingly, the prior conviction was considered a serious violent felony. In his position on sentencing, Morales asked the Court to set aside the §851 notice. DOC #69. He further argued the difference between guideline sentences for actual versus methamphetamine

1

mixture creates an unwarranted disparity. He requested a minimum sentence of 120 months. DOC #69. Morales waived his right to a jury trial determination of his §851 objections. DOC #71.

Morales was sentenced on May 26, 2021. The District Court overruled his objections to the §851 notice and sentenced him to 180 months. DOC #79.

## SUMMARY OF THE ARGUMENT

The District Court substantially complied with the law and sentenced Morales to a sentence within the guidelines. Morales' objections to an enhanced sentence because of the §851 notice does not amount to a nonfrivolous issue on appeal. Likewise, any objection to the sentence itself is also not a nonfrivolous issue for appellate review.

Morales filed a pro se motion with the District Court purporting to seek new counsel, but has not filed a similar motion with the Court of Appeals. Counsel informed Morales of Counsel's position regarding the merits of the instant appeal, but Morales has not moved to substitute for a new attorney.

Morales' objections to the application of the §851 notice and resulting sentence essentially involve questions of fairness. Morales argued the underlying conviction happened when he was very young and he was convicted for aiding and abetting, not as a principal actor in the assault.

In light of the issues raised by Morales in this matter, Counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

# ARGUMENT

I. **MORALES OBJECTS TO THE §851 NOTICE ENHANCING HIS SENTENCE TO 15 YEARS BECAUSE IT WAS ARBITRARILY APPLIED. THERE IS NO NONFRIVOLOUS ISSUE REGARDING THE NOTICE OR SENTENCE.**

    A.    <u>Standard of Review</u>.

This Court reviews crime-of-violence determinations de novo. *United States v. Harris*, 950 F.3d 1015, 1017 (8th Cir. 2020). According to 21 U.S.C. §841 (b)(1)(A), if "any person commits such a violation of after a prior conviction for a serious drug felony or *serious violent felony* has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years…" (emphasis added). A serious violent felony is defined in 21 U.S.C. §802 (58) as "an offense described in §3559 (c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months." Morales was convicted in Minnesota of Assault-First Degree.

Morales' argument regarding his sentence would otherwise be reviewed for substantive reasonableness. *see United States v. Woods*, 717 F.3d 654, 659 (8th Cir. 2013)(standard of review).

    B.    <u>There is no nonfrivolous argument available to Morales</u>.

The Government filed its notice pursuant to 21 U.S.C. §851 alleging Morales' prior Minnesota conviction for First Degree Assault (aid/abet) in 2007 is the basis for enhanced sentence. With a simple keystroke on a computer, the U.S.

4

Attorney's Office imposed an additional five years of prison on Morales with little recourse to challenge it.

In 2013, the Hon. Mark Bennett wrote a memorandum opinion in a drug case from the Northern District of Iowa that severely criticized the arbitrary nature of §851 notices in that district. s*ee U.S. v. Young*, 960 F.Supp.2d 881 (N.D. Iowa 2013). Prior to August, 2013 the Department of Justice lacked any discernible policy on the use of §851 notices. Just days before the *Young* opinion was filed, then U.S. Attorney General Eric Holder issued a memorandum to all U.S. Attorney offices that created a national policy on seeking enhanced sentence. *Young*, at 888. The policy directed AUSAs to consider certain factors before filing §851 notices that were meant to make use of the notice less disparate. *Id*.

During the Trump administration, the policy put forth by AG Holder was abandoned as evidenced by a memo dated May 10, 2017.[1] Now, it was department policy to pursue the most serious offenses, which were defined as those offenses carrying the most substantial guidelines sentences. Morales' crimes occurred, and were charged, in 2019 while the Holder policy was no longer effective and the Trump policy was in place. On January 29, 2021 the acting Attorney General issued a new memorandum that rescinded the Trump-era policy, thus reverting to

---

[1] Dept. Charging and Sentencing Policy, www.justice.gov/archives/opa/press-release/file/965896/download

5

prior policy on charging decisions. The Holder policy might not have prevented the §851 notice in Morales' case, but it could have made it less likely. Morales claims enhanced sentencing notices filed under the direction of seeking the most substantial guideline sentence in every case is inherently unjust. He further argues the Court should reject the notice because it does not properly describe the conduct from the prior offense in the context of the definition of serious violent felony.

The §851 notice in the instant case refers to a First Degree Assault conviction from 2007. It does not state Morales was charged with aiding and abetting in the crime. Morales argues the difference is in the comparative culpability of his actions.

According to 21 U.S.C. §841 (b)(1)(A), "if any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years…." The term "serious violent felony" is found in 21 U.S.C. §802 (58) and is defined therein as "an offense described in §3559 (c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months; and any offense that would be a felony violation of section 113 of Title 18, if the offense were committed in the special maritime and territorial jurisdiction of the United States, for which the offender served a term of imprisonment of more than 12 months." Morales was sentenced to 129 months in 2007.

According to 18 U.S.C. §3559 (c)(2)(F)(i), the list of offenses does not include the type of assault in Morales' conviction. Under §3559 (c)(2)(F)(ii), the term "serious violent felony" means "any other offense punishable by a maximum term of imprisonment of 10 years or more that has an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." These definitions are broad, but also not consistent.

The elements of First Degree Assault in Minnesota require a defendant assaulted another and caused great bodily harm. *See* Minn. CRIMJIG 13.04 (2020). However, the State is not required to prove a defendant intended to inflict great bodily harm, just that the defendant intended to commit assault. *Id*. Assault is defined at trial as "an act done with the intent to cause fear in another of immediate bodily harm or death; or intentional infliction of or attempt to inflict bodily harm upon another. *See* Minn. CRIMJIG 13.01 (2020). Morales' criminal history admittedly reflects that he was convicted of First Degree Assault in 2007, but his actual role in the offense is unclear.

In Minnesota, a person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime. Minn. Stat. §609.05, Subd. 1

7

(2020). Morales has always maintained that as a 17 year old kid pressured by older principals he feared to participate in the assault, that he was somewhat less culpable than those principals. He now argues a terrible crime from 14 years ago that happened when he was a kid should not come back to enhance a drug sentence.

In all fairness, Morales acknowledges the Eighth Circuit has already found there is no distinction between a conviction as a principal and a conviction for aiding and abetting in the context of defining "crime of violence" for career offender purposes. *U.S. v. Gammell*, 932 F.3d 1175, 1180 (8th Cir. 2019). Morales argues his case is different because the statutes defining "serious violent felony" are inconsistent and they are very broad. He asked the District Court to find that even if the Government can prove he has a prior conviction that appears to be a serious violent felony, the Court should still reject the enhanced sentence because of his role in the former offense and in the interest of justice. The District Court declined and sentenced him to 180 months, the lowest possible sentence considering the mandatory minimum.

# CONCLUSION

Counsel for the Appellant finds no nonfrivolous issues in this matter and moves to withdraw in accordance with *Anders v. California*. Jose Morales respectfully requests the Court to vacate his sentence.

                                        BEITO & LENGELING, P.A.

Date:__August 27, 2021_____       By _____*s/ Robert A. Lengeling*_____
                                                  Robert A. Lengeling, MN ID#304165
                                                  Flour Exchange Building
                                                  310 Fourth Avenue South, Suite 1050
                                                  Minneapolis, Minnesota 55415
                                                  (612) 767-1618 / (612) 333-8003 fax
                                                  rob@beitolengelinglaw.com
                                                  ATTORNEY FOR APPELLANT

# CERTIFICATE OF COMPLIANCE

The undersigned attorney for the Appellant certifies this brief complies with the type-volume limitation of Rule 32 of the Federal Rules of Appellate Procedure. The brief has 1836 words proportionally spaced, in Baskerville type face in font size 14, excluding the summary of the case, table of contents, table of authorities, and certificate of compliance. The brief was prepared using Apple Pages software version 11.1 (2021).

                                        BEITO & LENGELING, P.A.

Date:___August 27, 2021_____      By _____*s/ Robert A. Lengeling*_____
                                                  Robert A. Lengeling, MN #304165